IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Keith Saxton,<br><br>        Plaintiff,<br><br>v.<br><br>Town of Irmo Police Dep't, Brian Buck, and Mark Shirley, in their individual capacities,<br><br>        Defendants. | C/A No. 3:15-1244-JFA<br><br><br>**ORDER** |

## I. INTRODUCTION

Keith Saxton ("Plaintiff") filed a lawsuit arising out of his termination from the Town of Irmo Police Department. (ECF No. 1-1). Plaintiff first alleges race discrimination by the Town of Irmo Police Department (Irmo PD) in violation of Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. *Id*. Plaintiff further alleges state law causes of action against Irmo PD for defamation and invasion of privacy. *Id*. Plaintiff also alleges state law causes of action for defamation, tortious interference with contractual relations, and civil conspiracy against Defendant Mark Shirley. *Id*. Lastly, Plaintiff alleges a state law cause of action for civil conspiracy against Defendant Brian Buck. *Id*. Defendant Buck filed a Motion to Dismiss for failure to state a claim on March 20, 2015. (ECF No. 8). On March 23, 2015, Defendant Shirley also filed a Motion to Dismiss for failure to state a claim, or in the alternative, for Summary Judgment. (ECF No. 10). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge.

The Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and first opines that this Court should deny Defendant Brian Buck's Motion to Dismiss the civil conspiracy claim. (ECF No. 39). The Magistrate further opines that this Court should treat Defendant Mark Shirley's Motion to Dismiss, or in the alternative, for Summary Judgment as a Motion to Dismiss under 12(b)(6). *Id*. With respect to Defendant Shirley's motion, the Magistrate opines that this Court should deny the motion as to the civil conspiracy and defamation causes of action and grant it as to the tortious interference with a contractual relationship cause of action. *Id*. Defendants were advised of their right to object to the Report, which was entered on the docket on December 23, 2015. Defendant Buck filed a statement of objection to the report. (ECF No. 42). However, none of the other defendants in the case filed objections. Plaintiff did not file a response to Defendant Buck's objections. Thus, this matter is ripe for the Court's review.

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

portions of the Report of the Magistrate, this Court is not required to give an explanation for adopting the recommendation.  *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

The Report sets forth in detail the relevant facts and standards of law on this matter, and this Court incorporates those facts and standards without a recitation.

**II.     DISCUSSION**

Defendant Buck has lodged one objection to the Report rendered by the Magistrate. Specifically, Defendant Buck contends that the cause of action against him and Defendant Shirley for civil conspiracy should be dismissed because no conspiracy to harass has been alleged by the Plaintiff in this case.

It is well established that a Rule 12(b)(6) motion examines whether a plaintiff has stated a claim upon which relief can be granted.  The United States Supreme Court has made clear that, under Rule 8 of the Federal Rules of Civil Procedure, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Expounding on its decision in *Twombly*, the Supreme Court stated in *Iqbal*:

[T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation.  A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual conent that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Iqbal*, 556 U.S. at 677-78 (quoting *Twombly*, 550 U.S. at 555-57, 570) (citations omitted); *see also Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003).

Defendant Buck argues that the Magistrate should have dismissed the civil conspiracy claim because the Plaintiff is not alleging harassment in his complaint. Under South Carolina law, "[a] civil conspiracy consists of three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, (3) which causes him special damage." *Lee v. Chesterfield Gen. Hosp., Inc.*, 344 S.E.2d 379, 382 (Ct. App. 1989). Pursuant to *Ross v. Life Ins. Co. of Virginia*, an at-will employee cannot maintain an action for civil conspiracy against his employer where the employee alleges that the employer conspired with others to terminate his employment. *Ross v. Life Ins. Co. of Virginia*, 273 S.C. 764, 765, 259 S.E.2d 814, 815 (1979); *see also Faile v. Lancaster County, S.C.*, 2013 WL 786447, at *4 (D.S.C. Mar. 1, 2013) (holding that an at-will employee cannot sue his employer "or anyone acting within his authority on behalf of his employer" for civil conspiracy arising out of his termination). In this case, the Plaintiff does not dispute the fact that he is an at-will employee.

The South Carolina Supreme Court also applied the *Ross* holding to those who are public officials, holding that a public official cannot bring a civil conspiracy claim against a member of the public arising out of that public official's termination. *See Angus v. Burroughs & Chapin Co.*, 368 S.C. 167, 170, 628 S.E.2d 261, 262 (2006). Although the Plaintiff argued that he was not a public official, it is clear that the Plaintiff is in fact a public official. *See McClain v. Arnold*, 275 S.C. 282, 270 S.E.2d 124 (1980) (holding that a police officer is a public official); *see also Botchie v. O'Dowd*, 315 S.C. 126, 432 S.E.2d 458 (1993) (holding that a deputy sheriff was a public official); *Gause v. Doe*, 317 S.C. 39, 451 S.E.2d 408 (Ct. App. 1994) (noting that a police officer is a public official). Accordingly, Plaintiff's claim for civil conspiracy arising out of his

termination against Defendant Buck and Defendant Shirley should fail pursuant to *Ross* and *Angus*, respectively.

Plaintiff argued, and the Magistrate agreed, that the bar in *Ross* and *Angus* does not apply to this case because his civil conspiracy claim is based upon more than just his termination. Plaintiff's argument relies on Judge Seymour's decision in *Reed v. Aiken*, where this Court held that "the at-will employment doctrine articulated in *Ross* and *Angus* does not govern actions by employees based on harm other than termination such as isolation and ostracization." *Reed v. Aiken*, 2010 WL 2985805, at *3 (D.S.C. July 26, 2010). When determining that the allegations were sufficient to allege a conspiracy based upon more than just termination, the Magistrate cited language in the Plaintiff's complaint. Specifically, the Magistrate held that dismissal of the civil conspiracy cause of action would be premature at this stage of the litigation because of the Plaintiff's allegations that Defendant Buck and Defendant Shirley conspired with one another "to harass, demean, threaten, and otherwise harm Plaintiff in his career and well-being." (ECF 1-1 ¶ 70).[2]

This Court agrees with the Magistrate's determination that dismissing the civil conspiracy cause of action would be premature at this stage.[3] Defendant Buck argues that the civil conspiracy harassment claim should be rejected because the Plaintiff is not actually alleging harassment in his complaint, and that his complaint is only aimed at recovering for the termination of his employment. Defendant Buck argues that the Plaintiff's reliance on *Reed* is misplaced because *Reed* is easily distinguishable from this case. In *Reed*, the plaintiff alleged

---

[2] The Plaintiff's complaint went on to state specific facts that supported the claim that Defendants Buck and Shirley harassed him, and that their conduct caused the Plaintiff to become ostracized and blacklisted from law enforcement. (ECF No. 1-1 ¶¶ 71-74).

[3] It should be noted that the Court recognizes that this is a very close call. However, out of an abundance of caution, the Court believes dismissal of the civil conspiracy cause of action at this point would be improper.

that the defendants harassed and vilified him, which created a hostile work environment and ultimately led the plaintiff to resign from his job as a tax assessor. *Reed*, 2010 WL 2985805, at *1. This Court held, in pertinent part:

> The Individual Defendants read *Angus II* to preclude all civil conspiracy actions by at-will employees against their employers. Such a reading of *Angus II* is overly broad. Contrary to the Individual Defendants' position, the *Ross* and the *Angus* cases do not address whether an at-will employee may maintain a civil conspiracy based upon poor treatment that allegedly leads to a resignation. In the court's view, the at-will employment doctrine articulated in *Angus* and *Ross* does not govern actions by employees based on harm other than termination such as isolation and ostracization. In this case, Killian did not terminate Plaintiff. Rather, Plaintiff alleges that Killian, in concert with Young, engaged in a conspiracy to harm Plaintiff, isolate and ostracize him, and cause him special damages, which forced him to resign.

*Id.* at *3.

In this case, the Plaintiff has done just enough to allege that he was harassed into resigning. Even though the Plaintiff admits that he was given the option to resign or be terminated, he chose to resign. In any event, this Court holds that the Plaintiff has alleged facts to support the claim that he was harassed. Specifically, the Plaintiff alleged:

   a. The Individual Defendants prepared a pretextual, manufactured complaint against the Plaintiff for events involving the Plaintiff's personal life;
   b. The Defendant Buck, outside the course and scope of his employment, allowed a complaint to be submitted in a manner that did not comply with Irmo PD policies and procedures so that an investigation could ensue;
   c. That despite the allegations being unfounded, the Defendant Shirley continued to create, manipulate, and scheme to have Plaintiff removed from his position with Irmo PD;
   d. That despite the allegations being unfounded, the Defendant Buck agreed months later to terminate Plaintiff's employment for the benefit of Defendant Shirley and his own personal gain.

(ECF No. 1-1 ¶ 71). These facts, accepted as true, are sufficient to state a claim that is plausible on its face that the Plaintiff was harassed. For these reasons, out of an abundance of caution, the motion to dismiss the civil conspiracy claim is denied.

**III.     CONCLUSION**

After carefully reviewing the applicable laws, the record in this case, as well as the Report, this Court **ADOPTS** the Report and Recommendation of the Magistrate. Therefore, Defendant Brian Buck's Motion to Dismiss the civil conspiracy claim is denied. With respect to Defendant Shirley, the Court grants his Motion to Dismiss the tortious interference with a contractual relationship cause of action and denies his Motion to Dismiss with respect to the defamation and civil conspiracy causes of action.

IT IS SO ORDERED.

March 28, 2016                                                      Joseph F. Anderson, Jr.
Columbia, South Carolina                                   United States District Judge